UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JESSICA E. HAMM, | ) | CASE NO.: 1:25-cv-00423 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Magistrate Judge James E. Grimes' Report and Recommendation ("R&R") recommending the Commissioner of Social Security's decision be affirmed. (Doc. 13.) Plaintiff Jessica E. Hamm ("Hamm") timely filed objections (Doc. 14), and Defendant Commissioner of Social Security ("Defendant") responded. (Doc. 15.)

For the following reasons, Hamm's objections are OVERRULED, the R&R is ACCEPTED and ADOPTED, and the Commissioner's final decision is AFFIRMED.

**I.     BACKGROUND**

   **A.     Jessica Hamm's Medical History**

Hamm does not object to the factual record and procedural history in the R&R. (*See* Doc. 14.)[1] Notwithstanding, the Court summarizes the facts pertinent to Hamm's objections.

From August 26, 2020, to July 14, 2022, Hamm underwent mental health treatment from Community Counseling Services for post-traumatic stress disorder ("PTSD") and cannabis use

---

[1] For ease and consistency, briefing citations reflect the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

disorder.  (Doc. 7 at 705-803.)  At an appointment on July 14, 2022, Hamm complained of problems with her ankle and walking.  (*Id.* at 792.)

On July 16, 2021, Hamm underwent an x-ray of her spine which showed narrowing and irregularity in some areas, along with endplate degenerative changes in others.  (*Id.* at 1049.)  On April 8, 2022, Hamm was treated in the emergency room for right ankle pain resulting from a fall the week prior.  (*Id.* at 977-86.)  An x-ray did not reveal a fracture to Hamm's ankle.  (*Id.* at 983.)

From May 12, 2022, to August 9, 2023, Hamm was treated at Avita Pulmonary Galion and Avita Health Pulmonary Disease Richland Mall for pneumonia and COPD.  (*See id.* at 828, 879, 1481, 1926, 1975, 2063.)  During this time, Hamm qualified for home oxygen.  (*Id.* at 829.)  On November 2, 2022, Hamm reported chest tightness and shortness of breath.  (*Id.* at 883.)  On August 9, 2023, Hamm reported incidences of insomnia, panic attacks, night terrors, and daytime sleepiness.  (*Id.* at 1485.)

On June 23, 2022, Hamm visited the emergency room for a headache.  (*Id.* at 939.)  Hamm complained of a migraine and was also documented as having a history of migraines.  (*Id.*)  Following this visit, Hamm underwent an overnight polysomnography which revealed mild sleep disordered breathing/obstructive sleep apnea, mild nocturnal hypoxia, and elevated periodic limb movement during sleep.  (*Id.* at 913-14.)

On August 11, 2022, Dr. Paul Chang ("Dr. Chang") treated Hamm for uncontrolled diabetes.  (*Id.* at 452.)  Dr. Chang noted Hamm's other comorbid underlying issues included COPD, obesity, chronic joint pain, fibromyalgia, irritable bowel syndrome, and bipolar disorder.  (*Id.*)  On September 13, 2022, Hamm visited Dr. Chang and reported "pain all over."  (*Id.* at

441.)  Dr. Chang noted Hamm weighed 284 pounds with a BMI of 46.7.  (*Id.*)  This same month, Dr. Chang also prescribed a cane for Hamm to "use as directed."  (*Id.* at 3998.)

On December 2, 2022, Dr. Chang documented that Hamm "continues to be noncompliant and inconsistent with diet and diabetes management."  (*Id.* at 813.)  During an October 2023 visit, Dr. Chang also noted noncompliance "with diet and exercise and [Hamm] continues to be inconsistent with her diabetes management."  (*Id.* at 4021.)  During this visit, Dr. Chang also found that Hamm "has not been using her cane much."  (*Id.*)  Dr. Chang also noted Hamm had tenderness and swelling in her right ankle joint and a wide-based gait with the use of a cane.  (*Id.*)

On August 9, 2023, a nurse practitioner from Avita Health noted Hamm reported improvement in her daytime fatigue through the use of a PAP machine.  (*Id.* at 1481.)  The nurse practitioner also conducted a physical examination and reported Hamm had a normal range of motion, was alert, and had no respiratory distress.  (*Id.* at 1484-85.)

On October 18, 2023, Hamm visited Avita Galion Orthopedics and Sports Medicine due to right ankle pain.  (*Id.* at 1853.)  The doctor noted Hamm "uses a cane to assist with ambulation and to prevent falls."  (*Id.* at 1856.)  On November 2, 2023, Hamm was treated with a podiatrist for bilateral ankle laxity.  (*Id.* at 3868-76.)

    **B.**    **Opinion Evidence and State Agency Review**

On September 13, 2022, Dr. Chang completed a Residual Functional Capacity Questionnaire ("RFC questionnaire") for Hamm.  (*Id.* at 3965.)  This was a one-page document which Dr. Chang checked and circled different conditions relating to Hamm.  (*Id.*)  Dr. Chang found Hamm could sit continuously for 6 hours, stand for 3 hours with rests every 15 minutes, and walk for 1 hour with rests every 15 minutes.  (*Id.*)  Dr. Chang also noted Hamm could

occasionally lifts weights of up to 10lbs and circled that Hamm would require a cane for standing and walking.  (*Id.*)  Dr. Chang attached no additional medical records to the RFC questionnaire.

On November 27, 2022, Dr. Aracelis Castro ("Dr. Castro") reviewed Hamm's psychological records and assessed mild limitations with respect to (1) interacting with others, to (2) concentrate, persist, or maintain pace, (3) understanding and applying information, and to (4) adapt and manage oneself.  (*Id.* at 167.)

On December 8, 2022, Dr. Steve McKee ("Dr. McKee") conducted a state agency review and found Hamm's statements regarding her symptoms "partially consistent" with the total medical and non-medical evidence in her file.  (*Id.* at 160.)  Dr. McKee found Hamm could stand or walk 6 hours in an 8-hour workday, lift up to 10lbs, and had no visual, manipulative, or communicative limitations.  (*Id.*)

On April 4, 2023, Dr. Murari Bijpuria ("Dr. Bijpuria") conducted a state agency review and found Hamm could stand or walk for a total of 3 hours, sit for a total of 6 hours in an 8-hour workday, and found that a cane for ambulation was not medically required.  (*Id.* at 181.)

On April 17, 2023, Dr. Catherine Wise ("Dr. Wise") assessed moderate limitations on Hamm's ability to (1) interact with others, (2) concentrate, persist, or maintain pace, and (3) to adapt and manage oneself.  (*Id.* at 167.)

    **C.**    **August 2022 Application for Disability Insurance Benefits and Supplemental Security Income**

In August 2022, Hamm applied for disability insurance benefits and supplemental security income ("SSI") with a disability onset date of July 1, 2018.[2]  (*Id.* at 320-21.)  Hamm's

---

[2] On October 28, 2021, Hamm had previously been denied these same benefits by an Administrative Law Judge.  The Court does not discuss Hamm's previous claim here because it is not the focus of her objections to the R&R.  (*See* Doc. 7 at 135-48.)

disability onset date was later amended to August 30, 2022.  (*Id.* at 111.)  Hamm alleged her ability to work was limited due to degenerative disc disease in her cervical and lumbar spine, osteoarthritis of her right knee, carpal tunnel syndrome, fibromyalgia, diabetes, obesity, anxiety, PTSD, and migraines.  (*Id.* at 347.)

On December 8, 2022, the Commissioner of the Social Security Administration ("Commissioner") denied Hamm's disability insurance benefits and SSI applications.  (*Id.* at 203, 208.)  On December 28, 2022, Hamm filed a request for reconsideration with the Social Security Administration ("SSA").  (*Id.* at 212.)  On April 19, 2023, Hamm's request for reconsideration for both disability insurance benefits and SSI were denied.  (*Id.* at 216, 220.)

On May 9, 2023, Hamm requested a hearing before an Administrative Law Judge ("ALJ").  (*Id.* at 223.)  The hearing was held on December 18, 2023, where Hamm, represented by counsel, testified along with a vocational expert ("VE").  (*Id.* at 106-28.)

On February 23, 2024, the ALJ issued a written decision determining Hamm was not entitled to disability insurance benefits or SSI.  (*Id.* at 80-100.)  The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since July 1, 2018, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 et seq.).
>
> 3. The claimant has the following severe impairments: right knee degenerative joint disease; cervical and lumbar degenerative disc disease; diabetes mellitus with peripheral neuropathy; chronic obstructive pulmonary disorder (COPD); obesity; anxiety; depression; posttraumatic stress disorder (PTSD); and cannabis use disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she cannot climb ladders, ropes, or scaffolds and cannot work around hazards such as unprotected heights or unguarded moving machinery. She must be allowed to use a cane for ambulation. The claimant can occasionally crouch, crawl, kneel, stoop and occasionally climb ramps and stairs, she can frequently handle and finger and have occasional exposure to occupational extremes of atmospheric conditions as defined in the Selected Characteristics of Occupations. The claimant can have occasional interaction with coworkers, supervisors, and the public. She cannot perform production rate work (such as on an assembly line) and can have occasional changes in the workplace setting.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on December 20, 1978 and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2018, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(*Id.* at 83-100.) On March 11, 2024, Hamm requested the Appeals Council review the ALJ's decision. (*Id.* at 73.) On January 28, 2025, the Appeals Council denied Hamm's request for review, finding the ALJ's decision "is the final decision of the Commissioner of Social Security in your case." (*Id.* at 67.) On March 4, 2025, Hamm timely filed the instant case. (Doc. 1.)

## II. COMPLAINT

### A. Procedural History

In her Brief on the Merits (Doc. 9), Hamm raised one legal issue:

Whether the ALJ erred when failing to identify substantial evidence supporting the residual functional capacity findings regarding a cane and nonexertional limitations resulting from Plaintiff's pain. Whether the ALJ erred in his evaluation of the opinion of treating physician Paul Chang, M.D. when failing to identify evidence inconsistent with or unsupportive of the opinion.

(Doc. 9 at 4085.)  Hamm challenged whether the ALJ adequately addressed both the consistency and supportability factors of Dr. Chang's opinion, and, whether the ALJ identified substantial evidence supporting his finding that Hamm required a cane for ambulation only.  Hamm also challenged her nonexertional limitations under the same standard.  (*Id.*)

On August 29, 2025, the Commissioner filed a Brief on the Merits arguing substantial evidence existed that Dr. Chang's RFC questionnaire was not fully supported by Dr. Chang's own findings or consistent with the overall record.  (Doc. 11 at 4112-13.)  The Commissioner also argued the ALJ cited substantial evidence in support of Hamm use of a cane for ambulation only.  (*Id.* at 4114-16.)  The Commissioner further noted Dr. Chang's RFC questionnaire is patently deficient under Sixth Circuit case law, since it contains no explanations by Dr. Chang or citations to medical records.  (*Id.* at 4114.)

On September 11, 2025, Hamm replied, arguing no "accurate and logical bridge" existed between the ALJ's findings and the record.  (Doc. 12 at 4121, 4124, 4128.)

On November 14, 2025, Magistrate Judge Grimes filed a R&R upholding the ALJ's decision. (Doc. 13.)  Specifically, the R&R noted substantial evidence supported the ALJ's finding that Hamm required a cane for ambulation only and that the ALJ's citations to the record as a whole were sufficient to address the consistency factor of Dr. Chang's opinion.  (*Id.* at 4142-

44.)  The R&R agreed with the Commissioner in finding Dr. Chang's RFC questionnaire was a "check-box opinion" and "patently deficient."  (*Id.* at 4147-48.)

On November 24, 2025, Hamm timely raised two objections to the Magistrate's R&R:

1. Whether the ALJ erred under the consistency factor when finding Dr. Chang's opinion not persuasive.

2. Whether the ALJ identified substantial evidence supporting the findings relating to the need for a cane for ambulation only.

(Doc. 14 at 4150, 4158.)  The Commissioner's Reply was a one-page filing stating they supported the findings of the R&R.  (Doc. 15.)

### III.  LAW AND ANALYSIS

#### A.  Standard of Review

A district court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, 1994 U.S. App. LEXIS 35044 *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C) (flush language).

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country.  42 U.S.C. § 423(d)(2)(A).  In making a disability determination, an ALJ engages in a five-step sequential evaluation:

> 1. If the claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled. To be severe, the claimant must have a severe medically determinable physical or mental impairment, or a combination of impairments, that must have lasted or be expected to last for at least 12 months, unless it is expected to result in death.
>
> 3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment in Appendix 1 to Subpart P of Part 404, the claimant is presumed disabled without further inquiry.
>
> 4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment prevents him from doing past relevant work. If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. If the claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920; *see also Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 426 (6th Cir. 2018) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)).

During the first four steps, the claimant bears the burden of proof. *Walters*, 127 F.3d at 529.  The "burden shifts to the Commissioner only at step five." *Id.*

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.  42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d

847, 854 (6th Cir. 2010). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)). "The standard 'presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.'" *Edwards v. Comm'r of Soc. Sec.*, No. 23-5490, 2024 U.S. App. LEXIS 3315, 2024 WL 2705000, at *2 (6th Cir. Feb. 12, 2024) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (citation omitted)). If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). The Commissioner's decision must be affirmed even if the claimant's position is also supported by substantial evidence. *Wallace v. Comm'r of Soc. Sec.*, 221 F.3d 1337 (Table), 2000 U.S. App. LEXIS 24244, 2000 WL 799749, at *1 (6th Cir. 2000) (citing *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).

B.  **Harmless Error and Dr. Chang's RFC Questionnaire**

"The Sixth Circuit has not yet addressed if or when an ALJ's failure to properly analyze a medical opinion for supportability and consistency under the revised § 404.1520c(b)(2) can be excused as harmless error." *Miller v. Comm'r of Soc. Sec.*, No. 1:24-CV-00378, 2025 U.S. Dist. LEXIS 60051, 2025 WL 957566, at *6 (N.D. Ohio Mar. 31, 2025). "Courts in this district, however, have applied the harmless error standard when evaluating an ALJ's treatment of an

expert medical opinion for applications after the revision." *Whalen v. Comm'r of Soc. Sec.*, No. 1:24-CV-01928-SL, 2025 U.S. Dist. LEXIS 96552, 2025 WL 1452713, at *12 (N.D. Ohio May 21, 2025), *report and recommendation adopted*, No. 1:24-CV-1928, 2025 U.S. Dist. LEXIS 120314, 2025 WL 1756524 (N.D. Ohio June 25, 2025) (collecting cases). "We will treat an ALJ's failure to articulate her reasons for the weight she assigned to a medical source opinion as a harmless error if the ALJ adopted the opinion or made findings consistent with that opinion." *Beery v. Comm'r of Soc. Sec.*, 819 F. App'x 405, 408 (6th Cir. 2020). Alternatively, it is harmless error if "an opinion may be 'so patently deficient that the Commissioner could not possibly credit it.'" *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004)).

"[T]he Sixth Circuit has held that a checkbox physician opinion without explanation is 'patently deficient.'" *Hunt v. Comm'r of Soc. Sec.*, No. 1:21-CV-00075-DAR, 2022 U.S. Dist. LEXIS 177949, 2022 WL 4599246, at *3 (N.D. Ohio Sept. 29, 2022); *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 475 (6th Cir. 2016). Checkbox forms are "the kind of 'vague and unhelpful' opinion that is patently deficient and could not have been credited by the Commissioner." *Dollinger v. Comm'r of Soc. Sec.*, No. 22-3359, 2023 U.S. App. LEXIS 2950, 2023 WL 1777386, at *4 (6th Cir. Feb. 6, 2023) (quoting *Price v. Comm'r Soc. Sec. Admin.*, 342 F. App'x 172, 176 (6th Cir. 2009)). This is because there could be "nothing in [Dr. Chang's] opinion that connected his opinion to his treatment of [Hamm]." *Holland v. Comm'r of Soc. Sec.*, No. 1:24CV1540, 2025 WL 2050568, at *1 (N.D. Ohio July 22, 2025) (finding a checkbox form patently deficient). "[A]dministrative law judges may properly give little weight to a treating physician's check-off form of functional limitations that did not cite clinical test results,

observations, or other objective findings." *Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016) (internal citation omitted).

Both the Commissioner and the R&R highlight Dr. Chang's RFC questionnaire is patently deficient because it is a checkbox form. (Doc. 11 at 4114; Doc. 13 at 4147-48.) Hamm does not address this argument in her Objection, although in her Reply to the Commissioner's Brief on the Merits, she argued the "ALJ did not mention the format of the opinion." (Doc. 12 at 4121.) The ALJ identified Dr. Chang's opinion as a "questionnaire." (Doc. 7 at 97.)

Dr. Chang's RFC questionnaire is exactly the type of patently deficient checkbox form identified by the Sixth Circuit. (*See* Doc. 7 at 3965.) Reduced to a one-page form, Dr. Chang checks, circles, and exes RFC criteria without any accompanying explanation or citations to medical evidence. (*Id.*) Besides his signature and the date, Dr. Chang only writes "lumbar DJD and multiple joint pain" in a diagnoses section at the top of the form. (*Id.*) A section to document frequency and length of contact with Hamm is left blank. (*Id.*) The top paragraph of Dr. Chang's questionnaire requests him to "[a]ttach any relative objective medical testing of the above-named claimant." (*Id.*) He does not.

ALJ's need not give "controlling weight" to checkbox forms with no reference to medical evidence. *Makela v. Comm'r of Soc. Sec.*, No. 22-1047, 2022 U.S. App. LEXIS 28980, 2022 WL 9838285, at *5 (6th Cir. Oct. 17, 2022). ALJs are "not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Cohen v. Sec'y of Dep't Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). Unlike Dr. Chang's evaluation, checkbox forms with *some* accompanying explanations are still found patently deficient. *See Dollinger*, 2023 WL 1777386, at *4 (checkbox form with brief explanatory note patently deficient); *Pica Ortiz v. Comm'r of Soc. Sec.*, No. 1:23-CV-

00879-JG, 2024 U.S. Dist. LEXIS 70467, 2024 WL 1660131, at *8 (N.D. Ohio Mar. 13, 2024), *report and recommendation adopted sub nom.*, *Pica Ortiz v. Comm'r of Soc. Sec. Admin.*, No. 1:23-CV-00879, 2024 U.S. Dist. LEXIS 69682, 2024 WL 1655786 (N.D. Ohio Apr. 17, 2024) (finding same and collecting cases).

"Even when the ALJ does not expressly cite the unsupported checkbox form as a basis for rejecting an opinion, a checkbox form may be inherently deficient." *Dornan v. Comm'r of Soc. Sec.*, No. 1:22-CV-02244-JRA, 2023 U.S. Dist. LEXIS 226010, 2023 WL 8789168, at *10 (N.D. Ohio Dec. 4, 2023), *report and recommendation adopted*, No. 1:22CV2244, 2023 U.S. Dist. LEXIS 225205, 2023 WL 8780713 (N.D. Ohio Dec. 19, 2023) (internal citation and quotation omitted).  *Hernandez*, 644 F. App'x at 474 (finding checkbox forms "weak evidence at best" that "meets our patently deficient standard") (internal quotations omitted).  In this case, the ALJ noted Dr. Chang's opinion was a "questionnaire" which offered "no objective evidence in support of" the findings he checked off.  (Doc. 7 at 97.)  Left with "more questions than answers," Dr. Chang's RFC questionnaire is patently deficient and any alleged error by the ALJ is harmless.  *Carter v. Comm'r of Soc. Sec. Admin.*, No. 5:22-CV-00367, 2023 U.S. Dist. LEXIS 16320, 2023 WL 1430470, at *5 (N.D. Ohio Jan. 31, 2023).

### C.    First Objection: The ALJ did not Discuss the Consistency of Dr. Chang's Opinion in Sufficient Detail

"'[C]onsistency' involves comparing a medical opinion or prior administrative medical finding with the evidence from other medical sources and nonmedical sources in the claim." *Cindy F. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-CV-00047, 2022 U.S. Dist. LEXIS 170329, 2022 WL 4355000, at *7 n.5 (S.D. Ohio Sept. 20, 2022) (quoting 20 C.F.R. § 404.1520c(c)(2)).  A court's "consistency analysis looks at how consistent a medical opinion is with evidence from other sources." *Potts v. Comm'r of Soc. Sec.,* No. 5:24-CV-00882-BMB,

2024 U.S. Dist. LEXIS 200001, 2024 WL 4660850, at *6 (N.D. Ohio Nov. 4, 2024), *report and recommendation adopted*, No. 5:24-CV-00882, 2025 U.S. Dist. LEXIS 94672, 2025 WL 1427632 (N.D. Ohio May 19, 2025); 20 C.F.R. § 404.1520c(c)(2).  "[A]n ALJ need not," however, "specifically use the term[] . . . 'consistency' in his analysis."  *Cormany v. Kijakazi*, No. 5:21-cv-933, 2022 U.S. Dist. LEXIS 163437, 2022 WL 4115232, at *3 (N.D. Ohio Sept. 9, 2022) (citing cases).

Hamm argues the ALJ "cited exclusively to the treatment notes of Dr. Chang and vaguely cited to 'the record as a whole' when finding Dr. Chang's opinion unpersuasive."  (Doc. 14 at 4150.)  As a result, "[t]he ALJ failed to provide an accurate and logical bridge from the evidence to the findings of Dr. Chang and explain why the limitations are inconsistent."  (*Id.* at 4154.)  In their Response, the Commissioner endorses the findings of the R&R, which concluded the ALJ's citations to the "record as a whole" were sufficient because "the ALJ's decision includes a detailed discussion of the record" which must be considered when reading the ALJ's analysis of Dr. Chang's opinion.  (Doc. 13 at 4144; Doc. 15.)

Even if Dr. Chang's RFC questionnaire is not patently deficient, which it is, the ALJ sufficiently addressed the consistency factor when evaluating the persuasiveness of Dr. Chang's opinion.  To the ALJ's credit, he addressed the consistency of Dr. Chang's opinion in two separate ways:  First, in his discussion of Hamm's medical history, the ALJ compares Dr. Chang's office treatment records from 2019 to 2023 (*see* Doc. 7 at 104-05) (Exhibits C1F, C4F, C13-16F) with medical records from multiple other sources.  (Doc. 7 at 87-95.)  For example, the ALJ considers Dr. Chang's treatment notes alongside the records of other doctors when discussing Hamm's diabetes symptoms (*id.* at 92-93) (discussing Dr. Chang's findings alongside treatment records of the Ohio Health Physician Group) and lung issues (*id.* at 93) (comparing Dr.

Chang's records with office treatment records of Avita Health System and progress notes of Dasco Home Medical Equipment).  For Hamm's joint and spinal pain, the ALJ also discusses Dr. Chang's office treatment records alongside similar records produced by Avita Health Systems. (*Id.* at 91-92, 104.)  Second, the ALJ compares these findings with Hamm's testimony, noting "the clinical examination findings do not fully corroborate her alleged symptoms and limitations." (*Id.* at 95.)

In her objection, Hamm cites case law arguing "summarization does not allow the court to trace the ALJ's path of reasoning." (Doc. 14 at 4154) (quoting *Battaglia v. Comm'r of Soc. Sec. Admin.*, 2023 U.S. Dist. LEXIS 100259, 2023 WL 3900356, at *16 (N.D. Ohio June 8, 2023)).  In *Battaglia*, the ALJ summarized claimant's medical records in ways that were both supportive and inconsistent with other medical opinions in the record, causing the court to "wonder what specific evidence the ALJ relied on." *Id.*  Not so here.  The ALJ makes specific citations to Dr. Chang and others' treatment records in his description of Hamm's medical history which are readily discernable when the ALJ compares Dr. Chang's RFC questionnaire to the "record as a whole." (Doc. 7 at 97.)

For instance, when discussing Hamm's mobility issues, the ALJ summarized Dr. Chang's opinion that Hamm can "sit for 6 hours continuously, stand for 3 hours total with rests every 15 minutes and walk 1 hour total with rests every 15 minutes and opined the use of an assistive device for standing/walking." (*Id.*)  The ALJ's noted this finding is inconsistent both with Dr. Chang's own treatment records (supportability) and the "record as a whole" (consistency), and the ALJ's previous overview of Hamm's medical history clearly lays out the medical and testimonial evidence that is inconsistent with this finding.  To be sure, there is Hamm's testimonial evidence that she exercises regularly, stretches, drives, and travels to see friends,

among other activities.  (*Id.* at 95.)  Other medical providers (not Dr. Chang) are also cited in the ALJ's findings as noting "upper extremity strength of 5/5 with no overt motor weakness (Exhibit C5F/457)" (*id.* at 91), osteoarthritis in her right knee that is "likely minimal" (*id.* at 92) (citing Exhibit C5F/480), "improvement with daytime fatigue" with the use of a CPAP device at night, (*id.* at 93) (citing Exhibit C7F/37), and that her "mood and affect are within normal limits" (*id.* at 95) (citing Exhibit C8F/123, 128).  Each of these citations refer to records from other medical providers which contradict Dr. Chang's RFC questionnaire.  While Dr. Chang's records are commonly cited in the ALJ's findings, the Court can discern what inconsistencies between Dr. Chang's opinion and the "record as a whole" the ALJ is alluding to.  Unlike *Battaglia*, the ALJ's detailed summarization of Hamm's record allows the Court to "trace the ALJ's path of reasoning."  2023 WL 3900356, at *16.

To be fair, the ALJ could have provided specific citations in addition to citing to the "record as a whole."  (*Id.* at 97.)  However, "it is well established that an ALJ may rely on information articulated elsewhere in his decision to support a persuasiveness finding and need not rearticulate such information in his analysis."  *Thornsley v. Comm'r of Soc. Sec.*, No. 5:24-CV-01145, 2025 U.S. Dist. LEXIS 116115, 2025 WL 1702944, at *16 (N.D. Ohio June 18, 2025), *report and recommendation adopted*, No. 5:24CV1145, 2025 U.S. Dist. LEXIS 149961, 2025 WL 2217714 (N.D. Ohio Aug. 5, 2025); *Crum v. Comm'r Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) ("No doubt, the ALJ did not reproduce the list of these treatment records a second time when she explained why Dr. Bell's opinion was inconsistent with this record.  But it suffices that she listed them elsewhere in her opinion.").  An ALJ need not "discuss each piece of data in [his] opinion, so long as [he] consider[s] the evidence as a whole and reach[es] a reasoned conclusion."  *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 F. App'x 195, 199 (6th Cir. 2010)

(citing *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) (per curiam)).  An ALJ also need not "spell out every fact a second time."  *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006).  Hamm's first objection is OVERRULED.

> D.   Second Objection: The ALJ did not Identify Substantial Evidence that Hamm Needed a Cane for Ambulation Only

"[C]ourts within the circuit have noted the paramount finding in cases involving assistive devices is documentation describing the circumstances for which it is needed."  *Drew v. Comm'r of Soc. Sec. Admin.*, No. 1:23-CV-01353-DAC, 2024 U.S. Dist. LEXIS 91273, 2024 WL 2294784, at *10 (N.D. Ohio May 21, 2024); *Jones v. Comm'r of Soc. Sec.*, 815 F. App'x 926, 931 (6th Cir. 2020) (discussing same).  SSR 96-9p, the governing regulation for hand-held assistive devices, instructs that "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed."  1996 WL 374185, at *7.  Courts in this district have held that the regulations and guidance in SSR 96-9p "require[ ] medical documentation of the need for the assistive device, not just notations relating to a claimant's continued use of an assistive device."  *Barnes v. Comm'r of Soc. Sec.,* No. 5:21-CV-01688-JDA, 2023 U.S. Dist. LEXIS 69450, 2023 WL 2988346, at *8 (N.D. Ohio Mar. 22, 2023).

Hamm argues the ALJ improperly found her use of a cane was for ambulation only, as opposed to for both ambulation and standing.  (Doc. 14 at 4158-59.)  Hamm then requests a remand to conduct a "proper assessment of the evidence relating to the requirement of a cane." (*Id.* at 4159.)  The R&R highlights "neither Dr. Chang's checkbox opinion nor any other medical opinion, specifically described the circumstances in which Hamm needed a cane."  (Doc. 13 at 4146.)  The Commissioner's Reply endorses the R&R's analysis.  (Doc. 15.)

Hamm's only citation to the record in support of her use of a cane while standing is Dr. Chang's RFC questionnaire. (Doc. 14 at 4158-59.) In it, Dr. Chang circles "yes" to the question "[w]hile engaging in standing/walking, must your patient use a cane or assistive device?" (Doc. 7 at 3965.) Hamm also references her Brief on the Merits (Doc. 9 at 4103-04) which discusses her ankle and mobility issues generally and that Hamm "uses a cane to assist with ambulation and prevent falls." (*Id.*) As mentioned before, Dr. Chang's RFC questionnaire is patently deficient. The ALJ correctly found it unpersuasive, and Hamm points to no additional evidence that specifically documents her need to use a cane while standing. (Doc. 7 at 97.)

The ALJ also identified substantial evidence documenting Hamm's need to use a cane for ambulation only. (Doc. 14 at 4158.) The ALJ highlights Dr. Chang's treatment notes (outside of his RFC questionnaire) which only document Hamm having a "wide based gait" and using a cane. (Doc. 7 at 92.) (citing Exhibit C4F/9.) In 2022, Dr. Chang also prescribed Hamm a cane and ordered her to "use as directed." (*Id.* at 3998.) No explanation of Dr. Chang's specific directions to Hamm is included in the record. The ALJ also identifies separate examinations where Hamm has described not using her cane. (*Id.* at 93.) (citing Exhibit C16F/23.) The ALJ further discusses how the opinions of Dr. McKee and Dr. Bijpuria found a cane not necessary. (*Id.* at 96.) At her hearing before the ALJ, Hamm also briefly discusses going to physical therapy and using a cane, with no further discussion on the specific times and instances that she requires it. (Doc. 7 at 121.)

This evidence refutes Hamm's contention that "the only medical opinion or other evidence indicates a cane is required for standing." (Doc. 14 at 4159.) While there is more evidence in the record the ALJ could have conceivably drawn from (*see e.g.* Doc. 7 at 1441, 1663, 1856, 1862) (documenting Hamm's use of a cane for ambulation), the ALJ identified

substantial evidence for why a cane was necessary for ambulation. ALJs are "not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). "If supported by substantial evidence, the Commissioner's decision must be affirmed, even if the reviewing court would decide the case differently." *Wallace*, 2000 WL 799749, at *1. Hamm's second objection is OVERRULED.

IV.  CONCLUSION

For the reasons above, Plaintiff Jessica E. Hamm's objections are OVERRULED, the R&R is ACCEPTED and ADOPTED, and the final decision of the Commissioner of Social Security is AFFIRMED.

**IT IS SO ORDERED.**

Date: December 19, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE